UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CR-64(01) RM |
| | ) | |
| IMON REENARD CRAWFORD | ) | |

OPINION and ORDER

In November 2011, the court considered whether defendant Imon Reenard Crawford was eligible for a reduction of sentence under 18 U.S.C. § 3582 based on the amended cocaine base (crack) sentencing guidelines. The court accepted the appointed attorney's motion to withdraw, noting that the crack reduction provision didn't apply to Mr. Crawford. The court then took no action on Mr. Crawford's subsequent letter since the reduction doesn't apply to Mr. Crawford. Mr. Crawford recently filed another motion with this court. Mr. Crawford doesn't call his filing a notice of appeal and the time for filing an appeal has passed, but Mr. Crawford makes reference to Federal Rule of Appellate Procedure 28(j). That rule allows a party to supplement his appellate brief if "pertinent and significant authorities come to a party's attention after the party's brief has been filed." Because no appeal pends and because Mr. Crawford might have interpreted his previously-filed motion for sentence reduction as an appeal, the court interprets this latest filing as a motion to reconsider a previous ruling rather than a notice of appeal. It appears Mr. Crawford wants to bring the holding in Freeman v. United States, 131 S. Ct.

2685 (2011), to the court's attention. If, on the other hand, the court has interpreted this filing as a motion for relief from judgment and Mr. Crawford actually wanted to appeal to the court of appeals, Mr. Crawford must file a notice of appeal as specified in the Federal Rule of Appellate Procedure 3(a).

Mr. Crawford has brought <u>Freeman v. United States</u> to the court's attention and has asked the court to reconsider its order with this case in mind. Federal Rule of Civil Procedure 60(b) might permit such a modification of judgment if <u>Freeman</u> provided relief to someone in Mr. Crawford's position, but <u>Freeman</u> doesn't speak to Mr. Crawford's situation. In <u>Freeman</u>, the Supreme Court considered whether a reduction in the Sentencing Guidelines advisory range could affect a sentence that was handed down pursuant to the government and a defendant entering into a plea agreement that dictated a particular sentence that was binding on the court.

Mr. Crawford entered into such a plea agreement, that is, one that specified a particular sentence Under Federal Rule of Criminal Procedure 11(c)(1)(C), in Mr. Crawford's case, the court was either bound to accept the agreed-upon sentence or reject the entire plea agreement. Before the court chose to accept that agreement and be bound to that sentence, the court determined whether the sentence was reasonable. At this point, the Sentencing Guidelines advisory range became relevant to answer this question. In its sentencing memo on Mr. Crawford, the court found the guidelines range to be 87 to 108 months, but noted that a statutory mandatory minimum required 120 months, which moved the guidelines advisory range to exactly that: 120

months. U.S.S.G. § 5G1.1(b) (2008 Edition) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

Since that point, the Fair Sentencing Act revised some of the Sentencing Guidelines advisory ranges by changing the weight calculation for cocaine base (crack) offenses. These changes were found to apply retroactively to some sentences that were assessed based on guidelines that had changed. However, the modification does not affect all crack cocaine-related sentences; the Fair Sentencing Act didn't modify mandatory minimums retroactively. United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010). Mr. Crawford's Sentencing Guidelines advisory range was determined by a mandatory minimum, so Mr. Crawford's guideline range remains exactly as it was on his day of sentencing: 120 months. Since Mr. Crawford's guidelines range didn't change, the subject addressed in Freeman v. United States is inapplicable to him.

Mr. Crawford's motion (Doc. No. 42), construed as a motion to reconsider the court's earlier judgment in light of a recent Supreme Court case is DENIED.

SO ORDERED.

ENTERED: May 22, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: I. Crawford
    D. Schmid-AUSA